UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-86-KSF

SHARON MARIE EVANS                                                                         PLAINTIFF

v.                                        **OPINION & ORDER**

SIR PIZZA OF KENTUCKY, INC., *et al.*                                   DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

Currently before the Court are various motions for relief filed by the plaintiff, Sharon Marie Evans.

I.       **FACTUAL AND PROCEDURAL BACKGROUND**

This civil action arises out of the delivery of a pizza to the residence of Evans on the night of February 12, 2008. Evans placed an order for a pizza from the defendant, Sir Pizza of Kentucky, Inc. ("Sir Pizza"). The pizza was delivered to Evans by the defendant, Brian N. Taylor, an employee of Sir Pizza. While there are some factual disputes about what happened next, what is not disputed is that Taylor later had a conversation with the defendant, Officer Dawn Dunn of the Lexington Fayette County Police, regarding an odor he smelled when he delivered the pizza. Officer Dunn, along with other officers, subsequently determined that there was an outstanding warrant for Evans for contempt of court and they went to her residence to investigate. They too smelled a strong odor, which they believed resulted from the manufacture of methamphetamine. Evans was arrested and charged with harassment. She was transported to the Fayette County jail and was subsequently arraigned on the harassment charge and the outstanding warrant. On August 24 and 25, 2008, Evans

was tried in Fayette District Court and was acquitted.

She subsequently filed this lawsuit on March 13, 2009. Named as defendants are Sir Pizza, Taylor, and Officer Dunn, as well as the Lexington Fayette Urban County Government, Division of Police, Chief Ronnie Bastin, Officer Raymond D. Terry, Officer Noel Warren, and Sergeant David Biroschik. A Scheduling Order was subsequently entered by the Court on June 29, 2009, setting forth numerous discovery deadlines. Since that time, Evans has filed numerous motions seeking extensions of time and complaining about the defendants' alleged failure to properly respond to her discovery requests. The Court and the Magistrate Judge have carefully considered these motions and generously allowed Evans multiple extensions of time to complete discovery matters.

In addition to the multiple motions filed by Evans relating to discovery and the scheduling order, the defendants have filed timely motions for summary judgment. In an effort to fully consider these motions, the Court has suspended the parties' obligations to file pretrial filings pending the Court's ruling on the summary judgment motions. Nevertheless, Evans continues to file motions, which the Court will consider below.

## II. EVANS' MOTIONS

### A. MOTION FOR HEARING [DE #81]

Evans moves the Court for a hearing, pursuant to Rule 56(e)(1) of the Federal Rules of Civil Procedure, to allow her an opportunity to supplement her affidavit in support of her memoranda opposing the defendants' motions for summary judgment. She contends that discovery has resulted in a tremendous volume of documents, and that it is impractical to attach all these discovery materials to her affidavit. Alternatively, Evans moves the Court for leave to file the material subject to the protective order previously entered by the Court, as well as an additional 25 pages of discussion relating to the exhibits.

The Court will deny Evans' motion for a hearing. Rule 56(e)(1) simply does not provide for a hearing to supplement an affidavit. Evans' request to file additional exhibits and explanation will also be denied. Evans has failed to set forth any legitimate reason for failing to file this material within the time allowed by the Court's Scheduling Orders. The defendants' motions for summary judgment are fully briefed and are ripe for review. Evans had ample opportunity to respond to these motions, and indeed filed responses to these motions. It is simply too late in the game to allow any party to supplement their motions or responses at this time.

### B. MOTION TO STRIKE REPLY [DE # 85]

In this motion, Evans moves the Court to strike the reply filed by Sir Pizza and Taylor in support of their motion for summary judgment. Evans argues that the reply raises new matters to which she has not had an opportunity to respond. As the defendants point out, her motion fails to point to any specific matter which was newly raised in the reply. However, to the extent that any new matters are raised in the reply brief, they will not be considered by the Court.

Evans also argues that the reply brief should be struck from the record because the defendants failed to number the paragraphs in the brief. There is no rule requiring numbered paragraphs in a reply brief. The Federal Rules of Civil Procedure only require numbered paragraphs in complaints, answers, or similar documents. *See* Fed.R.Civ.P. 10(b). Furthermore, the Court's Local Rules do not require numbered paragraphs in a reply brief. Accordingly, Evans' motion to strike will be denied on this ground.

### C. MOTION TO MODIFY THE SCHEDULING ORDER [DE #89]

Evans again moves the Court to modify its Scheduling Order. A review of the record reveals that Evans has been afforded numerous extensions of time. However, on April 20, 2010, the Court denied a similar motion by Evans [DE #78], and for the same reasons, will deny this motion as well.

### D. MOTION TO STAY DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT [DE #92]

Evans also moves the Court to stay the defendants' motions for summary judgment on the grounds that they are premature, that discovery issues are unresolved, and that the Court's scheduling orders are in violation of the Constitution. However, as the Court has explained previously, Evans has had ample opportunity to conduct discovery in this case, and the defendants have fully complied with their discovery obligations. Accordingly, Evans' motion to stay the defendants' motions for summary judgment will be denied.

### E. MOTION TO VACATE COURT ORDERS [DE # 93]

Here, Evans moves the Court to alter, amend, or vacate its previous orders denying her motions to compel the defendants, Sir Pizza and Taylor, to respond to her discovery requests. The Court has reviewed Evans' motion, as well as the underlying Orders she disagrees with, and finds that her motion is not well taken. As indicated in the Court's previous orders, the defendants have fully complied with their discovery obligations in this case. Accordingly, Evans' motion to vacate will be denied.

## III. CONCLUSION

For the reasons set forth below, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) Evans' motion for a hearing or for leave to file materials under seal [DE #81] is **DENIED**;

(2) Evans' motion to strike [DE #85] is **GRANTED, only to the limited extent that any newly raised matters will not be considered by the Court, and DENIED in all other respects**;

(3) Evans' motion to modify the scheduling order [DE #89] is **DENIED**;

(4) Evans' motion to stay the defendants' motions for summary judgment [DE #92] is

**DENIED**; and

(5) Evans' motion to vacate [DE #93] is **DENIED**.

This June 11, 2010.



**Signed By:**

*Karl S. Forester* KSF

**United States Senior Judge**