UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-86-KSF

SHARON MARIE EVANS                                                 PLAINTIFF

v.                                **OPINION & ORDER**

SIR PIZZA OF KENTUCKY, INC., *et al.*                        DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the motion of the defendants, the Lexington-Fayette Urban County Government ("LFUCG"), Chief Ronnie Bastin, Officer Dawn R. Dunn, Officer Noel Warren, Officer Raymond D. Terry, and Sergeant David Biroschik, individually and in their official capacities (collectively, the "Governmental Defendants"), for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure [DE #68]. This matter is fully briefed and is ripe for review. For the reasons set forth below, the Governmental Defendants' motion for partial summary judgment will be granted.

I.       **FACTUAL AND PROCEDURAL BACKGROUND**

The plaintiff, Sharon Marie Evans, filed this civil action against the Governmental Defendants, as well as Sir Pizza of Kentucky, Inc. ("Sir Pizza") and its employee, Brian N. Taylor, asserting various claims based on the defendants' alleged violations of her civil rights. The claims arise out of the events which occurred on February 12, 2008. According to Evans, she phoned in an order to Sir Pizza for a pizza and salad to be delivered to her house. Taylor made the delivery to Evans and accepted her payment for the order. The parties disagree about what Taylor and Evans

1

talked about. Taylor later approached the defendant, Officer Dunn, at a Speedway gas station and told her that he made a delivery to a house where there was a strong chemical odor which he thought may be related to illegal drugs. He also indicated his concern that the chemicals could show up in a random drug test that his employer might ask him to take.

Officer Dunn then followed up on the tip from Taylor and determined that Evans had an outstanding warrant. Officer Dunn, along with Officer Terry, Officer Warren, and Sergeant Biroschik, proceeded to Evans' house in an attempt to serve the warrant and investigate further. The officers rang Evans' doorbell, and Evans eventually answered. She agreed to step outside on the porch, and the officers smelled a strong chemical odor and asked Evans what the smell was. She informed them that it was a combination of Pine-Sol and bleach that she had been using to clean her house.

Evans was arrested on the outstanding warrant for contempt of court and was also arrested and charged for harassment. After her arrest, Officer Dunn and Sergeant Biroschik entered Evans' residence and again observed a strong chemical smell. They also observed numerous chemicals in the kitchen, as well as batteries and a can of gasoline on the back porch. Later, officers certified in methamphetamine labs arrived, obtained consent from Evans, and entered the house to investigate. They determined that there was not sufficient evidence to charge Evans with a drug offense.

Evans was transported to the Fayette County jail and was subsequently arraigned on the harassment charge and the outstanding warrant. On August 24 and 25, 2008, Evans was tried in Fayette District Court and was acquitted. She subsequently filed this lawsuit. Separate motions for summary judgment have been filed by the Governmental Defendants and by Sir Pizza and Taylor. The Court will address the motion for summary judgment filed by Sir Pizza and Taylor in a separate

2

Opinion & Order.

## II.   SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party shows that there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Phillip Morris Companies, Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). Conclusory allegations are not enough to allow a nonmoving party to withstand a motion for summary judgment. *Id.* at 343. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted).

3

In response to the defendants' motions for summary judgment, Evans has submitted her affidavit [DE #76]. The Governmental Defendants have moved to strike portions of that affidavit on several grounds [DE # 84]. Specifically, the Governmental Defendants rely on Rule 56(e)(1) of the Federal Rules of Civil Procedure, which provides that an opposing affidavit "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed.R.Civ.P. 56(e)(1). In response, Evans does not refute any of the Governmental Defendants' substantive arguments, but rather contends that the affidavit is not subject to a motion to strike.

Having reviewed Evans' affidavit and the parties' arguments, the Court agrees with the Governmental Defendants that portions of Evans' affidavit should be stricken. To the extent that her affidavit is based on facts about which she has no personal knowledge, it does not meet the requirement of Rule 56(e)(1). Additionally, portions of her affidavit relating to her recollection of her testimony or the testimony of the officers will be stricken on the grounds that this would not be admissible in evidence. Accordingly, the Governmental Defendants' motion to strike portions of Evans' affidavit will be granted, and a separate Order setting forth the stricken portions will be entered contemporaneously with this Opinion & Order.

III.  ANALYSIS

Evans asserts the following claims against the Governmental Defendants: (1) violation of her civil rights pursuant to 42 U.S.C. § 1983; (2) "Victimizing Plaintiff," pursuant to 18 U.S.C. § 241; (3) RICO; and (4) various state law claims. These claims are analyzed separately below.

4

## A. § 1983 CLAIMS AGAINST THE LFUCG AND GOVERNMENTAL DEFENDANTS IN THEIR OFFICIAL CAPACITIES

In Count I of her Amended Complaint, Evans asserts a claim, pursuant to 42 U.S.C. § 1983, for violation of her constitutional rights against the LFUCG and the Governmental Defendants in their official capacities. Specifically, she alleges that the LFUCG "under color of state law pursuant to official policy or custom" failed to instruct, supervise, control and discipline the defendant officers resulting in the violations of her constitutional rights. Essentially, this claim against the defendants in their official capacities is a claim against the governmental entity they represent. It is well settled that a government can only be liable for its unconstitutional policies, practices and customs. *Monell v. Department of Social Services, City of New York*, 436 U.S. 658 (1978). Moreover, there must be a causal connection between the unconstitutional policy or custom and the plaintiff's alleged injuries. *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985).

Only under "limited circumstances" can a municipality be held liable for constitutional violations resulting from its failure to train employees. *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989). Section 1983 liability attaches "only where the failure to train amounts to a deliberate indifference to the rights of persons with whom the employees come into contact. *Id*. at 388. "To establish deliberate indifference, the plaintiff must show prior instances of unconstiutional conduct demonstrating that the County has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." *Slusher v. Carson*, 540 F.3d 449, 457 (6th Cir. 2008)(citations omitted).

In this case, Evans has failed to come forward with any evidence which presents a genuine issue of material fact for trial on this claim. She has not refuted or responded to the documentary

5

evidence submitted by the Governmental Defendants relating to their training and supervision. Nor has she identified any alleged deficiency in their training that was a result of deliberate indifference, or explained how a deficiency in their training was the legal cause of her alleged injuries.

With respect to Evans' claim that the defendant police officers were improperly supervised, she has also failed to come forward with any evidence to refute the Governmental Defendants' motion for summary judgment. Accordingly, the Court will enter summary judgment in favor of the Governmental Defendants on Evans' § 1983 claims against the LFUCG and defendant officers in their official capacities.

### B. § 1983 CLAIMS AGAINST THE GOVERNMENTAL DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES

Evans also asserts claims against the defendant officers in their individual capacities under § 1983. The Governmental Defendants argue that they are entitled to qualified immunity on these claims. Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The qualified immunity analysis entails two steps. First, the court considers whether, taken in the light most favorable to the party asserting the injury, the facts alleged show that the officer's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If the facts alleged fail to establish a constitutional violation, then the inquiry ends and the officer is entitled to qualified immunity. *Id*. If, however, the facts alleged are sufficient to establish a constitutional violation, then the Court must determine whether the particular right allegedly violated was clearly established at the time the violation occurred. *Id.*

### 1. SUPERVISORY LIABILITY

Evans alleges that the LFUCG and Chief Bastin, as a supervisor of the defendant officers, (1) "failed to instruct, supervise, control and discipline" the defendant officers; and (2) "under color of law approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct" of the defendant officers. As a result, Evans contends that she was subjected to an unlawful seizure and detention in violation of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

However, Evans has failed to even allege that Chief Bastin was in any way involved in the incident in question. Liability under § 1983 "must be based on more than respondeat superior, or some right to control employees." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). In other words, Chief Bastin cannot be held liable merely because he was the Police Chief at the time of the incident. Rather, Evans must allege and prove "active unconstitutional behavior" on the part of Chief Bastin. *Petty v. County of Franklin, Ohio*, 478 F.3d 341 (6th Cir. 2007). There are no such allegations in this case. Accordingly, Chief Bastin, individually, is entitled to qualified immunity on Evans' supervisory claims against him.

### 2. PERJURY

Evans also asserts claims pursuant to § 1983 against defendant officers Dunn, Terry, Warren and Biroschick in their individual capacities, alleging they "knowingly conspired and did give perjured testimony in open court under oath in furtherance of their conspiracy." However, it is undisputed that Sergeant Biroschick did not testify at Evans' trial. Accordingly, he cannot be liable in his individual capacity on this claim.

Defendant officers Dunn, Terry, and Warren did testify at Evans' trial. However, as

witnesses, they are absolutely immune from civil liability based on their testimony in the judicial proceeding. *Moldowan v. City of Warren*, 578 F.3d 351, 389-90 (6th Cir. 2009). Even if they conspired to give perjured testimony, as Evans alleges, they are still entitled to absolute immunity. *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999).

### 3. ILLEGAL SEIZURE

Evans generally alleges that she was subject to an illegal seizure when she was arrested. It is undisputed that Officer Terry was the arresting officer. Officer Terry arrested Evans pursuant to a valid Order of Arrest issued by a Judge in Fayette Circuit Court based on her failure to appear after having been recognized to appear in Court on two separate dates [DE# 68-8]. Evans does not contest the validity of the warrant.[1] Nevertheless, she argues that Officer Terry and the other defendant officers violated her constitutional rights.

It is clear that "[a]n arrest pursuant to a facially valid warrant is normally a complete defense to a federal constitutional claim for false arrest or false imprisonment made pursuant to § 1983." *Voyticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005). Only when there is sufficient proof that the defendant provided false or misleading information in obtaining the arrest warrant can a plaintiff defeat a motion for summary judgment. *Id*. at 677, n. 4. Here, Evans does not allege or prove that Officer Terry, or the other defendant officers, were involved in any way in the issuance of the warrant or the court case from which it originated. Accordingly, the Governmental Defendants are entitled to qualified immunity from Evans' claims based on illegal seizure.

---

[1] While she does argue that she was given the wrong information as to when to appear in Court, she does not dispute that the warrant was issued by the Judge in the case and that she was the person for whom the warrant was issued.

### 4. EXCESSIVE USE OF FORCE

In Count I of her Amended Complaint, Evans alleges that "one or more of the Defendant police officers criminally and physically assaulted [her]" during her arrest. The Governmental Defendants argue that Officers Bastin, Dunn, Warren and Biroschik are entitled to qualified immunity on this claim, and Evans does not dispute that Officer Bastin, Dunn and Biroschik are not subject to this claim. The Governmental Defendants have not moved for summary judgment on behalf of Officer Terry. Thus, the Court must only determine whether she can proceed on her claim for use of excessive force against Officer Warren.

The Fourth Amendment prohibits the use of excessive force by arresting and investigating officers. When determining whether the Eighth Amendment's prohibition on excessive use of force has been violated, courts employ an "objective reasonableness" test, which requires considerations of the totality of the circumstances. *Graham v. Connor*, 490 U.S. 386, 397 (1989)("[T]he question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."). Although this test is fact specific, "the three most important factors for each case are: (1) the severity of the crime at issue; (2) the threat of immediate danger to the officers or bystanders; and (3) the suspect's attempts to resist or flee." *Wysong v. City of Heath*, 260 F.App'x 848, 854 (6th Cir. 2008). "This standard contains a built-in measure of deference to the officer's on-the-spot judgment about the level of force necessary in light of the circumstances of the particular case." *Burchett v. Kiefer*, 310 F.3d 937, 944 (6th Cir. 2002).

Here, Evans claims that Officers Terry and Warren grabbed her from inside her door as it opened, and pushed her to the floor of the porch. From the evidence before the Court, and even

9

drawing all reasonable inferences in favor of Evans, the Court cannot find that Officer Warren's actions were unreasonable under the circumstances. At the time of her arrest, the officers knew that Evans had an outstanding warrant for failing to appear in court on two occasions. They also had Taylor's reports of a strong chemical smell emanating from her apartment, which they also smelled upon opening her door. The officers were legitimately concerned about the danger of a suspected methamphetamine lab. "Certain of the chemicals used in this process are toxic and inherently dangerous. During the manufacturing process, some of these chemicals, which are highly flammable, present a threat of explosion. These chemicals pose an additional risk should anything go wrong during the manufacturing process. The process produces toxic gases, which pose a serious risk to those who inhale them, and other dangerous byproducts." *United States v. Layne*, 342 F.3d 464, 470 (6th Cir. 2003). Under these circumstances, it is not unreasonable for the officers to "snatch" Evans from the threshold in order to maintain immediate control of the situation.

In sum, Evans has failed to demonstrate that Officer Warren violated her constitutional right to be free from excessive use of force. The record simply does not reflect that Officer Warren acted in a plainly incompetent manner or that his actions were objectively unreasonable. *See Malley v. Briggs*, 475 U.S. 335, 341 (1986)(holding that qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violated the law"). Therefore, Officer Warren is entitled to qualified immunity on this claim.

While the Court believes the same analysis may also apply to Officer Terry, the Governmental Defendants have not moved for summary judgment on his behalf. The Court will, however, grant the Governmental Defendants additional time to file a motion for summary judgment on behalf of Officer Terry on Evans' excessive use of force claim if they so choose.

### C. 18 U.S.C. § 241

Although Count II of Evans' Amended Complaint cites 42 U.S.C. § 241 in support of her claim for "Victimizing Plaintiff," she explains in her response that this was a typographical error and that her claim is actually based on 18 U.S.C. § 241. This statute criminalizes civil rights conspiracies, but does not authorize civil suits or give rise to civil liability. Accordingly, the Governmental Defendants, officially and individually, are entitled to summary judgment on Evans' claim based on 18 U.S.C. § 241.

### D. RICO

In Count VII of her Amended Complaint, Evans alleges that the LFUCG, Chief Bastin, and the defendant officers conspired to use federal wire and mail to deprive her of her civil rights and property in violation of 18 U.S.C. § 1961, *et seq.*, (the Racketeer Influenced Corrupt Organizations Act, or RICO). Under RICO, a civil lawsuit may be brought on behalf of "any person injured in his business or property by reason of a violation of Section 1962 of this Chapter . . . ." 18 U.S.C. § 1964(c). Section 1962 sets out various types of "racketeering activity" which may support a civil suit. Evans has not clarified under which section of § 1962 she is proceeding against the defendants. Nor has Evans presented any argument or evidence in support of her RICO claim against any of the defendants.

Insofar as Evans attempts to proceed against the LFUCG and the Governmental Defendants in their official capacities, her claim must fail because municipal governments are not persons that can be subject to RICO liability. *Call v. Watts*, 142 F.3d 432 (6th Cir. 1998)(quoting *Smallwood v. Jefferson County Government*, 743 F.Supp. 502, 504 (W.D.Ky. 1990). Thus, the LFUCG and the Governmental Defendants in their official capacities are entitled to summary judgment on Evans'

RICO claim. As to her claims against the Governmental Defendants in their individual capacities, Evans has failed to come forward with any evidence to prove any type of racketeering activity. Thus, the individual defendants are also entitled to summary judgment on Evans' RICO claims.

> E. **STATE LAW CLAIMS AGAINST THE LFUCG AND GOVERNMENTAL DEFENDANTS IN THEIR OFFICIAL CAPACITIES**

Although Evans attempts to assert state law claims against the LFUCG and the officers in their official capacities, these claims fail under the doctrine of sovereign immunity. It is well settled that the Commonwealth of Kentucky and its subdivisions are immune from liability in tort pursuant to Section 231 of the Kentucky Constitution. *Franklin County, Kentucky v. Malone*, 957 S.W.2d 195, 202-03 (Ky. 1997)(overruled on other grounds, *Commonwealth v. Harris*, 59 S.W.3d 896 (Ky. 2001). This immunity extends to counties and county government officials acting in their official capacities. *Lexington-Fayette Urban County Government v. Smolcic*, 142 S.W.3d 128, 131-32 (Ky. 2004); *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001). Accordingly, to the extent that Evans has alleged state law claims against the LFUCG and the officers in their official capacities, these claims are barred by the doctrine of sovereign immunity and summary judgment will be entered in favor of the LFUCG and officers in their official capacities.

> F. **STATE LAW CLAIMS AGAINST THE GOVERNMENTAL DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES**

Evans asserts the following state law claims against the Governmental Defendants: (1) criminal trespassing and assault; (2) defamation; (3) invasion of privacy; (4) failure to train and negligent hiring and retention; (5) false arrest/false imprisonment/abuse of process; (6) intentional infliction of emotional distress; (7) malicious prosecution; and (8) negligence. For the reasons set forth below, none of these claims can proceed as a matter of law.

1. **CRIMINAL TRESPASS AND ASSAULT**

In Count III of her Amended Complaint, Evans alleges that the defendant officers "criminally trespassed on private property and criminally assaulted Plaintiff . . . and/or failed to prevent said trespassing and assault. . . ." While trespass and assault are codified in Kentucky law as criminal offenses in KRS 413.120 and 413.140, these statutes do not provide any basis for a civil lawsuit. Accordingly, the Governmental Defendants, in their individual capacities, are entitled to summary judgment on this claim.

2. **DEFAMATION**

In Counts IV and V of her Amended Complaint, Evans asserts claims of defamation against Officers Dunn, Terry, Warren and Biroschik. Specifically, she alleges that the defendant officers "knowingly fabricated, made, and published false oral statements about the Plaintiff as to cause her to be subject to search and seizure of property and her person, falsely accused, jailed, assaulted, and maliciously prosecuted." However, Evans does not specify any specific statement made by any of the defendant officers. Apparently, she is referring to the testimony offered by the defendant officers during her criminal trial.

As explained earlier, Sergeant Biroschik did not testify in Evans' trial. With respect to the remaining defendant officers, they are entitled to absolute immunity from actions for libel and slander resulting from comments made during judicial proceedings. *Hayes v. Rodgers*, 447 S.W.2d 597, 599 (Ky. 1969); *McCalister & Co. v. Jenkins*, 284 S.W.88 (Ky. 1926); *Smith v. Hodges*, 199 S.W.3d (Ky.App. 2006). To the extent that Evans contends that the defendant officers made statements to each other during the course of pursuing their official duties of enforcing the law during the events in question, those statements are also absolutely privileged. *Harwood v.*

13

*McMurtry*, 22 F.Supp. 572 (W.D.Ky 1938); *Lanier v. Higgins*, 623 S.W.2d 913 (Ky. App. 1981). For these reasons, the Governmental Defendants, in their individual capacities, are absolutely immune from Evans' claims of defamation, and summary judgment will be entered in their favor on this claim.

### 3. INVASION OF PRIVACY/FALSE ARREST/FALSE IMPRISONMENT

In Count VI of her Amended Complaint, Evans asserts a claim for invasion of privacy, alleging that the defendant officers "criminally trespassed on private property of Plaintiff, thereby invading her privacy. . . ." However, Evans has come forward with no evidence that the defendant officers did not have lawful authority to enter her property to speak with her and to serve a valid warrant. It is clear that "[a] law enforcement officer is privileged to commit a trespass if he is exercising his lawful authority and if he exercises it in a reasonable manner causing no unnecessary harm." *Downs v. United States*, 552 F.2d 990, 1003 (6th Cir. 1975); *Joiner v. Hobart*, 52 F.3d 325 (6th Cir. 1995).

Evans further alleges in Count IX of her Amended Complaint that defendant officers Dunn, Terry, Warren and Biroschik "with intent, unlawfully arrested, restrained, and detained" her. Under Kentucky law, however, a law enforcement officer enjoys a privilege from false arrest/false imprisonment on the basis of an arrest pursuant to a warrant. *Dunn v. Felty*, 226 S.W.3d 68, 71 (Ky. 2007). In this case, Evans was arrested by Officer Terry pursuant to a valid arrest warrant. For these reasons, the defendant officers, in their individual capacities, are entitled to summary judgment on Evans' claims for false arrest and false imprisonment.

### 4. ABUSE OF PROCESS

The heading of Count IX of Evans' Amended Complaint includes "Abuse of Process;"

however, Evans has not included any allegations which support such a claim. Although Evans attempts to cure this defect in her response to the motion for summary judgment, this is simply too late. Rule 8(a)(2) of the Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Although this standard does not require detailed factual allegations, it does require more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *Hensley Manufacturing v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009)(citations omitted). Inasmuch as Evans has failed to properly plead any claim for abuse of process, the defendants are entitled to summary judgment on this claim.

### 5. NEGLIGENCE

In Count VIII of her Amended Complaint, Evans alleges the Governmental Defendants were negligent in failing to discover that their allegations were devoid of merit. She further alleges in Count XII that Chief Bastin was negligent in hiring and retaining the defendant officers and in failing to properly supervise and train the defendant officers. However, as police officers, the defendants are entitled to qualified official immunity inasmuch as they were performing discretionary acts, in good faith, within the scope of their authority as employees of the LFUCG. *See Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2002). Her allegations against the Governmental Defendants all relate to discretionary actions taken as a part of their position as either Chief of Police or a LFUCG police officer. Therefore, the Governmental Defendants are entitled to qualified official immunity from Evans' negligence claims.

### 6. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

In Count X, Evans seeks to recover damages based on the tort of intentional infliction of emotional distress, also known as the tort of outrage. The defendants argue that this claim should

be dismissed because it is a "gap-filler" tort that is only available when a plaintiff cannot recover for his emotional distress under traditional tort theories. The Court agrees.

"Where an actor's conduct amounts to the commission of the traditional torts such as assault, battery, or negligence for which recovery for emotional distress is allowed, and the conduct was not intended only to cause extreme emotional distress in the victim, the tort of outrage will not lie." *Banks v. Fritsch*, 39 S.W.3d 474, 481 (Ky. App.2001). Evans does not allege that any action taken by the defendant officers was done solely to cause her emotional distress. Accordingly, this claim is not viable, and the Court will grant the defendants' motion for summary judgment on this claim.

### 7. MALICIOUS PROSECUTION

Evans vaguely asserts a claim for malicious prosecution against the defendants in Count IX of her Amended Complaint. In order to succeed on this claim, Evans must come forward with some evidence of malice in the institution of the proceedings against her. Malice is more than committing a wrongful act without valid justification; it requires an unlawful motive or purpose. *Raine v. Drasin*, 621 S.W.2d 895, 899 (Ky. 1981); *Stearns Coal Co. v. Johnson*, 37 S.W.2d 38, 40 (Ky. 1931).

With respect to Evans' claim for malicious prosecution against defendant officer Terry, this claim must fail. Although defendant Officer Terry did arrest Evans on the harassment charge, Evans has not come forward with any evidence, other than her unsupported allegations, to prove that Officer Terry acted with malice. Additionally, there is no evidence in the record to support a claim for malicious prosecution against Officers Bastin, Dunn, Warren and Biroschik. Accordingly, Evans' claim of malicious prosecution fails, and the defendants' motion for summary judgment on this claim will be granted.

## IV.     CONCLUSION

In order to survive a motion for summary judgment, a plaintiff must come forward with more than conclusory evidence in support of her claims. Here, Evans has failed to come forward with any evidence upon which a reasonable juror could rely to support any of her claims against the Governmental Defendants. She has simply relied on conclusory statements, unsupported allegations, and her own personal opinion in support of her claims. For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) the Governmental Defendants' motion to strike portions of Evans' affidavit [DE #84] is **GRANTED**, and a separate Order will be entered contemporaneously setting forth the stricken provisions;

(2) the Governmental Defendants' motion for partial summary judgment [DE #68] is **GRANTED**; and this action **REMAINS PENDING** only on Evans' claim of excessive use of force against defendant Raymond D. Terry;

(3) the Governmental Defendants' motion to bifurcate [DE #61] is **DENIED** as moot;

(4) Evans' motion for a hearing to compel [DE #90] is **DENIED**; and

(5) within fifteen days of entry of this Opinion & Order, the Governmental Defendants may file a motion for summary judgment on behalf of defendant Raymond D. Terry.

This June 11, 2010.

**Signed By:**
*Karl S. Forester*   KSF
**United States Senior Judge**