UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-86-KSF

SHARON MARIE EVANS                                                                    PLAINTIFF

v.                                      **OPINION & ORDER**

SIR PIZZA OF KENTUCKY, INC., *et al.*                               DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the motion of the defendants, Brian N. Taylor ("Taylor") and Sir Pizza of Kentucky, Inc. ("Sir Pizza"), for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure [DE #67]. This matter is fully briefed and ripe for review. For the reasons set forth below, the defendants' motion for summary judgment will be granted.

I.        **FACTUAL AND PROCEDURAL BACKGROUND**

The plaintiff, Sharon Marie Evans, filed this civil action against Taylor and Sir Pizza, as well as various governmental defendants, asserting various claims based on the defendants' alleged violations of her civil rights. The claims arise out of the events which occurred on February 12, 2008. According to Evans, she phoned in an order to Sir Pizza for a pizza and salad to be delivered to her house. Taylor made the delivery to Evans and accepted her payment for the order. The parties disagree about what Taylor and Evans talked about. Taylor later approached the defendant, Officer Dawn Dunn, at a Speedway gas station and told her that he made a delivery to a house where there was a strong chemical odor which he thought may be related to illegal drugs. He also indicated his concern that the chemicals could show up in a random drug test that his employer might ask him

1

to take.

Officer Dunn then followed up on the tip from Taylor and determined that Evans had an outstanding warrant. Officer Dunn, along with other police officers, defendant Officer Raymond D. Terry, defendant Officer Noel Warren, and defendant Sergeant David Biroschik, proceeded to Evans' house in an attempt to serve the warrant and investigate further. The officers rang Evans' doorbell, and Evans eventually answered. She agreed to step outside on the porch, and the officers smelled a strong chemical odor and asked Evans what the smell was. She informed them that it was a combination of Pine-Sol and bleach that she had been using to clean her house.

Evans was arrested on the outstanding warrant for contempt of court and was also arrested and charged for harassment. After her arrest, Officer Dunn and Sergeant Biroschik entered Evans' residence and again observed a strong chemical smell. They also observed numerous chemicals in the kitchen, as well as batteries and a can of gasoline on the back porch. Later, officers certified in methamphetamine labs arrived, obtained consent from Evans, and entered the house to investigate. They determined that there was not sufficient evidence to charge Evans with a drug offense.

Evans was transported to the Fayette County jail and was subsequently arraigned on the harassment charge and the outstanding warrant. On August 24 and 25, 2008, Evans was tried in Fayette District Court and was acquitted. She subsequently filed this lawsuit. In addition to Taylor and Sir Pizza, Evans has also named the Lexington-Fayette Urban County Government, Chief Ronnie Bastin, Officer Dunn, Officer Noel Warren, Officer Raymond D. Terry, and Sergeant David Biroschik (the "Governmental Defendants") as defendants. The Governmental Defendants have filed a motion for partial summary judgment which will be addressed in a separate Opinion & Order.

## II.     SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party shows that there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Phillip Morris Companies, Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). Conclusory allegations are not enough to allow a nonmoving party to withstand a motion for summary judgment. *Id.* at 343. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted).

In response to the defendants' motion for summary judgment, Evans has submitted her

3

affidavit [DE #76]. The Governmental Defendants have moved to strike portions of her affidavit on several grounds [DE #84]. For the reasons set forth in a separate Opinion & Order, the Governmental Defendants' motion to strike will be granted, and portions of Evans' affidavit will not be considered by the Court when ruling on either motion for summary judgment.

### III. ANALYSIS

Evans asserts the following claims against Taylor and Sir Pizza: (1) violation of her civil rights pursuant to 42 U.S.C. § 1983; (2) "Victimizing Plaintiff," pursuant to 18 U.S.C. § 241; (3) slander and defamation; (4) failure to train, negligent hiring and negligent retention; (5) false arrest, false imprisonment, abuse of process; (6) intentional infliction of emotional distress; (7) malicious prosecution; (8) negligence; (9) respondeat superior. These claims are analyzed separately below.

#### A. § 1983

In Count I of her Amended Complaint, Evans alleges that Taylor and Sir Pizza violated her civil rights by conspiring with the governmental defendants to deprive her of her civil rights. In order to succeed on this claim, Evans must establish: (1) a deprivation of a right secured by the United States Constitution; and (2) that the deprivation was caused by a person acting under color of state law. *Ellison v. Garbarino*, 48 F.3d 192 (6th Cir. 1995). Evans cannot satisfy the second prong of this test.

There is simply no evidence that Sir Pizza, a private corporation, or its employee, Taylor, are state actors. In order for their private actions to be considered state action, Evans must satisfy one of three tests established by the Sixth Circuit: the public function test; the state compulsion test; or the nexus test. *Id*. at 195. Under the public function test, state action may be considered public action if the private actor exercises powers that are traditionally reserved exclusively for the state;

4

for example, running elections or eminent domain. *Id*. Operation of a pizza restaurant and delivery business certainly does not fall in this category. Under the state compulsion test, the plaintiff must show that the state significantly encouraged or coerced the private actor to perform the action in question. *Id*. Again, there is no evidence to satisfy this test.

Finally, under the nexus test, the plaintiff must show that the nexus between the private actor and the government was so close that one of them "could not and would not have acted without the other." In other words, there must be a sufficiently close relationship between the state and private actor so that the seemingly private action may be attributed to the state. *Id*. The only evidence of any relationship between Evans and the Governmental Defendants occurred when Taylor spoke to Officer Dunn at Speedway about the chemical odors he smelled at Taylor's house. The mere act of reporting alleged criminal activity to the police does not amount to the close relationship required under the nexus test. *See Kimbrew v. Owensboro Police Department*, 2008 WL 3850302 (W.D.Ky August 14, 2008).

The fact that Evans alleges that a conspiracy existed between Taylor, Sir Pizza, and the Governmental Defendants does not change this analysis. Evans has not set forth any facts that establish the existence of such a conspiracy - no evidence that they had a common understanding, a plan or objective, or that there was any overt act taken in furtherance of the conspiracy other than the fact that she was arrested and later acquitted at the trial in which some of the defendants testified. Nothing alleged by Evans, even if true, rises to the level of a conspiracy sufficient to find that a private actor was acting for the state.

Evans has presented no evidence in the record suggesting a sufficient intermingling of state involvement to support a finding of state action. Absent such evidence, Sir Pizza and Taylor cannot

5

be deemed state actors and Evans' claims under 42 U.S.C.§ 1983 cannot go forward. Accordingly, Taylor and Sir Pizza are entitled to summary judgment on this claim.

### B. VICTIMIZING PLAINTIFF

Although Count II of Evans' Amended Complaint cites 42 U.S.C. § 241 in support of her claim for "Victimizing Plaintiff," she explains in her response that this was a typographical error and that her claim is based on 18 U.S.C. § 241. This statute criminalizes civil rights conspiracies, but does not authorize civil suits or give rise to civil liability. Accordingly, Sir Pizza and Taylor are entitled to summary judgment on Evans' claim based on 18 U.S.C. § 241.

### C. SLANDER AND DEFAMATION

In Count IV and V, Evans alleges that Sir Pizza and Taylor are liable for libel, slander and defamation of character because Taylor falsely reported to Officer Dunn that a black female at the residence was cooking meth and offered it to him. While Sir Pizza and Taylor deny that he made this particular statement to Officer Dunn, they argue that even if he did, the statement is privileged and they are entitled to qualified immunity based on the common public interest in exposing crime.

Kentucky has long recognized the privilege when a defendant, with probable cause, reports information about a crime. In *Grimes v. Coyle*, 45 Ky. (6th B. Monroe 301 (1845), the court absolved the defendant who implicated the innocent plaintiff to fellow citizens attempting to solve a theft. In discussing the reason for the privilege, the court said:

> If every person was required to close his lips, when a desperate robbery was committed, and make no communication to his honest and vigilant neighbors, of the facts and circumstances of which he might be possessed, pointing in a greater or less degree, to a suspected individual, offenses, in many instances, would go unpunished, and offenders escape with impunity. The public interest requires that such communications should be made, and if an individual may sometimes suffer a temporary injury to his character, it is better that it should be so, than that the public

> interest should suffer . . . [T]he honest portion of the community should be encouraged rather than restrained from making them, by the terror of legal responsibility.

*Id*. Later, in *Dossett v. New York Mining and Mfg. Co.*, 451 S.W.2d 843, 846 (Ky. App. 1970), the court explained:

> *Grimes v. Coyle* pointed out that the public interest requires that expressions of suspicions founded upon facts detailed and prudently made in good faith and as confidentially as circumstances will permit, to aid in detecting felonies do not give rise to an action for slander against the person expressing his suspicions. We continue to adhere to the principles of non-liability announced by *Grimes v. Coyle*.

In this case, Taylor's alleged statements to Officer Dunn fall squarely within this qualified immunity. Regardless of his exact words to Officer Dunn, the basis of his comments was the strong chemical smell coming from Evans' house, which was also noted by the officers when they entered the house. Taylor made his comments only to Officer Dunn; it is not alleged that he made comments to anyone else. Certainly, informing the police of the possible manufacture of methamphetamine and the related risk to the general public is the type of information that the public interest requires be brought to the attention of law enforcement. The fact that Evans was not charged with any drug offense is immaterial; the immunity exists to address just this situation where a person makes a report of criminal activity which turns out to be incorrect. Accordingly, Sir Pizza and Taylor are immune from Evan's claims of libel, slander and defamation, and summary judgment will be entered in their favor on these claims.

### D. FAILURE TO TRAIN, NEGLIGENT HIRING AND NEGLIGENT RETENTION

In Count VIII of her Amended Complaint, Evans asserts a claim against Sir Pizza and Taylor for failure to train, negligent hiring and negligent retention relating to Taylor's employment at Sir

Pizza. To the extent that this claim is brought under 42 U.S.C. § 1983, it fails because neither Sir Pizza nor Taylor are state actors, as explained above. Moreover, to the extent that this claim is based on state law, Evans has failed to amend her complaint to assert this state law claim, and the time for so doing has long expired. Accordingly, this claim against Sir Pizza and Taylor fails as a matter of law, and the defendants are entitled to summary judgment.

      **E.    FALSE ARREST/FALSE IMPRISONMENT/ABUSE OF PROCESS**

In Count IX of her Amended Complaint, Evans asserts claims for false arrest, false imprisonment and abuse of process. Apparently she contends that without Taylor's comments to Officer Dunn, she would not have been arrested. While that may be true, it is not a valid basis for asserting a false arrest claim against a private entity. An action for false arrest and imprisonment exists only where the imprisonment is without legal authority. *Smith v. Stokes*, 54 S.W.3d 565, 567 (Ky.App. 2001); *Fultz v. Whittaker*, 261 F.Supp.2d 767, 783 (W.D.Ky.2003). Here, the officers clearly possessed the legal authority, based on the warrant for contempt of court, to arrest and incarcerate Evans. Without a doubt, the officers had valid reasons for the arrest; consequently, no claim for false arrest and imprisonment lies against Sir Pizza and Taylor.

Evans also asserts a claim for abuse of process. In Kentucky, an abuse of process claim requires an ulterior purpose and a willful act that uses the process improperly. *Simpson v. Laytart*, 962 S.W.2d 392, 394 (Ky. 1998). Here, Taylor simply reported allegedly illegal activity to Officer Dunn - an action protected by Kentucky law. Evans has failed to come forward with any additional facts which would support a claim for abuse of process. Accordingly, the court will grant the motion for summary judgment on Count IX of Evans' Amended Complaint.

### F. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

In Count X, Evans seeks to recover damages based on the tort of intentional infliction of emotional distress, also known as the tort of outrage. The defendants argue that this claim should be dismissed because it is a "gap-filler" tort that is only available when a plaintiff cannot recover for his emotional distress under traditional tort theories. The Court agrees.

"Where an actor's conduct amounts to the commission of the traditional torts such as assault, battery, or negligence for which recovery for emotional distress is allowed, and the conduct was not intended only to cause extreme emotional distress in the victim, the tort of outrage will not lie." *Banks v. Fritsch*, 39 S.W.3d 474, 481 (Ky. App.2001). Evans does not allege that any action taken by Sir Pizza or Taylor was done solely to cause her emotional distress. Accordingly, this claim is not viable, and the Court will grant the defendants' motion for summary judgment on this claim.

### G. MALICIOUS PROSECUTION

Evans alleges in Count XI of her Amended Complaint that Sir Pizza and Taylor are liable for malicious prosecution. In order to succeed on this claim, Evans must prove the following:

(1) the institution or continuation of original judicial proceedings, either civil or criminal, or of administrative or disciplinary proceedings;

(2) by, or at the instance of, the original plaintiff/complainant;

(3) the termination of such proceedings in original defendant's favor;

(4) malice in the institution of such proceeding;

(5) want or lack of probable cause for the proceeding; and

(6) suffering of damage as a result of the proceeding.

*Raine v. Drasin*, 621 S.W.2d 895, 899 (Ky. 1981). Courts strictly apply these prerequisites due to

the public policy considerations in favor of exposure of crime. *Id*. Here, the defendants did nothing to institute or continue the prosecution of Evans. Taylor informed Officer Dunn about the odor he smelled at Evans' residence; however, Evans was charged with harassment. There is simply no evidence that Taylor or Sir Pizza were involved in the decision to charge Evans with harassment. According to the Sixth Circuit, one cannot be liable for malicious prosecution when he or she did not make the decision to prosecute and was not consulted about the decision to prosecute. *Skousen v. Brighton High School*, 305 F.3d 520 (6th Cir. 2002). With no evidence that Sir Pizza or Taylor were even consulted with the decision to prosecute Evans, Evans claim for malicious prosecution against them must fail.

### H. NEGLIGENCE

Evans asserts a claim for negligence in Count VII, alleging that Sir Pizza was negligent in hiring, retaining, and failing to properly train, supervise, and correct Taylor. To succeed on a claim for negligent hiring/retention in Kentucky, Evans must show that (1) Sir Pizza knew or should have known that Taylor was unfit for the job for which he was employed, and (2) that Sir Pizza's placement or retention of Taylor in the job created an unreasonable risk of harm to Evans. *Oakley v. Flor-Shin, Inc.*, 964 S.W.2d 438, 442 (Ky. App. 1998). To proceed against Sir Pizza on a claim of negligent supervision, Evans must come forward with some evidence that Sir Pizza knew or should have known that Taylor's employment created such a risk.

Here, there is simply no evidence that Taylor was unfit to perform the job of pizza delivery driver, or that hiring or retaining him in that position created an unreasonable risk of harm to Evans. Nor is there any evidence that Sir Pizza could have foreseen what Evans alleges - that Sir Pizza hired or retained Taylor knowing that he would make a false statement to the police about her.

10

Accordingly, Evans' negligence claim fails.

### I. RESPONDEAT SUPERIOR

Evans brings a claim for respondeat superior in Count XIII of her Amended Complaint, seeking to recover from Sir Pizza for the actions of Taylor. However, because the Court finds that Taylor is entitled to summary judgment on Evans' claim, her claim of respondeat superior against Sir Pizza must also fail.

### J. COUNTS III, VI, AND VII

In Count III of her Amended Complaint, Evans alleges that the defendant officers "criminally trespassed on private property and criminally assaulted Plaintiff . . . and/or failed to prevent said trespassing and assault. . . ." While trespass and assault are codified in Kentucky law as criminal offenses in KRS 413.120 and 413.140, these statutes do not provide any basis for a civil lawsuit. Accordingly, Sir Pizza and Taylor are entitled to summary judgment on this claim.

In Count VI of her Amended Complaint, Evans asserts a claim for invasion of privacy against the Governmental Defendants. Evans has not, however, asserted any action by Sir Pizza and Taylor that would constitute a claim for invasion of privacy. Thus, to the extent that she asserts a claim against Sir Pizza and Taylor for invasion of privacy, they are entitled to summary judgment. However, Evans has failed to point to any evidence supporting her assertion of these claims against Sir Pizza and Taylor. To the extent that she alleges that Sir Pizza and Taylor conspired with the Governmental Defendants to undertake these alleged actions, the Court has already determined that there is insufficient evidence of any conspiracy. Accordingly, Sir Pizza and Taylor are entitled to summary judgment on these claims.

Finally, in Count VII, Evans asserts a claim based on 18 U.S.C. § 1961 *et seq.* (the Racketeer

Influenced Corrupt Organizations Act, or RICO). Under RICO, a civil lawsuit may be brought on behalf of "any person injured in his business or property by reason of a violation of Section 1962 of this Chapter . . . ." 18 U.S.C. § 1964(c). Section 1962 sets out various types of "racketeering activity" which may support a civil suit. Evans has not clarified under which section of § 1962 she is proceeding against the defendants. Nor has Evans presented any argument or evidence in support of her RICO claim against any of the defendants. The Court has already determined that there is no evidence of any conspiracy between Taylor and Sir Pizza and the Governmental Defendant, so an alleged conspiracy cannot provide a basis for a RICO claim against them.

IV. CONCLUSION

In order to survive a motion for summary judgment, a plaintiff must come forward with more than conclusory evidence in support of her claims. Here, Evans has failed to come forward with any evidence upon which a reasonable juror could rely to support any of her claims against Sir Pizza and Taylor. She has simply relied on conclusory statements, unsupported allegations, and her own personal opinion in support of her claims. Accordingly, for the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1)    the motion of Sir Pizza and Taylor for summary judgment [DE #67] is **GRANTED**;

(2)    Evans' claims against Sir Pizza and Taylor are **DISMISSED WITH PREJUDICE**;

(3)    Evans' motion for a hearing to compel [DE #91] is **DENIED** as moot; and

(4)    a judgment will be entered in favor of these defendants at the conclusion of this action.

This June 11, 2010.



**Signed By:**

*Karl S. Forester* KSF

**United States Senior Judge**