UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-86-KSF

SHARON MARIE EVANS                                                        PLAINTIFF

v.                              **OPINION & ORDER**

SIR PIZZA OF KENTUCKY, INC., *et al.*                              DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the motion of the defendant, Officer Raymond D. Terry, in his individual capacity, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure [DE #108]. This matter is fully briefed and is ripe for review. For the reasons set forth below, Officer Terry's motion for summary judgment will be granted.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

The plaintiff, Sharon Marie Evans, filed this civil action against various defendants, asserting claims based on the alleged violations of her civil rights. The claims arise out of the events which occurred on February 12, 2008. According to Evans, she phoned in an order to Sir Pizza for a pizza and salad to be delivered to her house. Brian N. Taylor made the delivery to Evans and accepted her payment for the order. The parties disagree about what Taylor and Evans talked about. Taylor later approached Officer Dawn Dunn, at a Speedway gas station and told her that he made a delivery to a house where there was a strong chemical odor which he thought may be related to illegal drugs. He also indicated his concern that the chemicals could show up in a random drug test that his employer might ask him to take.

1

Officer Dunn then followed up on the tip from Taylor and determined that Evans had an outstanding warrant. Officer Dunn, along with Officer Terry, Officer Noel Warren, and Sergeant David Biroschik, proceeded to Evans' house in an attempt to serve the warrant and investigate further. The officers rang Evans' doorbell, and Evans eventually answered. She agreed to step outside on the porch, and the officers smelled a strong chemical odor and asked Evans what the smell was. She informed them that it was a combination of Pine-Sol and bleach that she had been using to clean her house.

Evans was arrested on the outstanding warrant for contempt of court and was also arrested and charged for harassment. After her arrest, Officer Dunn and Sergeant Biroschik entered Evans' residence and again observed a strong chemical smell. They also observed numerous chemicals in the kitchen, as well as batteries and a can of gasoline on the back porch. Later, officers certified in methamphetamine labs arrived, obtained consent from Evans, and entered the house to investigate. They determined that there was not sufficient evidence to charge Evans with a drug offense.

Evans was transported to the Fayette County jail and was subsequently arraigned on the harassment charge and the outstanding warrant. On August 24 and 25, 2008, Evans was tried in Fayette District Court and was acquitted. She subsequently filed this lawsuit. Separate motions for summary judgment were filed by the Governmental Defendants (Lexington-Fayette Urban County Government ("LFUCG"), Chief Ronnie Bastin, Officer Dunn, Officer Warren, Officer Terry, and Sergeant Biroschik, individually and in their official capacities) and by Sir Pizza and Taylor. Summary judgment was granted in favor of the defendants on all Evans' claims, except for her claim against Officer Terry for excessive use of force pursuant to 42 U.S.C. § 1983 [DE #105, 107]. The Court, however, granted Officer Terry additional time to file a motion for summary judgment on this

claim, and his motion is now ripe and ready for review.

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party shows that there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Phillip Morris Companies, Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). Conclusory allegations are not enough to allow a nonmoving party to withstand a motion for summary judgment. *Id.* at 343. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted).

3

## III. ANALYSIS

Officer Terry argues that he is entitled to qualified immunity on Evans' § 1983 claim of excessive use of force. Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The qualified immunity analysis entails two steps. First, the court considers whether, taken in the light most favorable to the party asserting the injury, the facts alleged show that the officer's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If the facts alleged fail to establish a constitutional violation, then the inquiry ends and the officer is entitled to qualified immunity. *Id.* If, however, the facts alleged are sufficient to establish a constitutional violation, then the Court must determine whether the particular right allegedly violated was clearly established at the time the violation occurred. *Id.*

The Fourth Amendment prohibits the use of excessive force by arresting and investigating officers. When determining whether the Eighth Amendment's prohibition on excessive use of force has been violated, courts employ an "objective reasonableness" test, which requires consideration of the totality of the circumstances. *Graham v. Connor*, 490 U.S. 386, 397 (1989)("[T]he question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."). Although this test is fact specific, "the three most important factors for each case are: (1) the severity of the crime at issue; (2) the threat of immediate danger to the officers or bystanders; and (3) the suspect's attempts to resist or flee." *Wysong v. City of Heath*, 260 F.App'x 848, 854 (6th Cir. 2008). "This standard

4

contains a built-in measure of deference to the officer's on-the-spot judgment about the level of force necessary in light of the circumstances of the particular case." *Burchett v. Kiefer*, 310 F.3d 937, 944 (6th Cir. 2002).

Here, Evans claims that Officers Terry and Warren grabbed her from inside her door as it opened, and pushed her to the floor of the porch. From the evidence before the Court, and even drawing all reasonable inferences in favor of Evans, the Court cannot find that Officer Terry's actions were unreasonable under the circumstances. At the time of her arrest, the officers knew that Evans had an outstanding warrant for failing to appear in court on two occasions. They also had Taylor's reports of a strong chemical smell emanating from her apartment, which they also smelled upon opening her door. The officers were legitimately concerned about the danger of a suspected methamphetamine lab. "Certain of the chemicals used in this process are toxic and inherently dangerous. During the manufacturing process, some of these chemicals, which are highly flammable, present a threat of explosion. These chemicals pose an additional risk should anything go wrong during the manufacturing process. The process produces toxic gases, which pose a serious risk to those who inhale them, and other dangerous byproducts." *United States v. Layne*, 342 F.3d 464, 470 (6th Cir. 2003). Under these circumstances, it is not unreasonable for the officers to "snatch" Evans from the threshold in order to maintain immediate control of the situation.

Evans' allegations that Officer Terry was motivated by malice, bad faith, or racial animosity have no bearing on the Court's analysis. The Court's inquiry is an objective one; that is, taking the facts in the light most favorable to the plaintiff, were the officer's actions *objectively* reasonable under the facts and circumstances at the scene. *Graham*, 490 U. S. at 396-97. In other words, Officer Terry's underlying motivation or intent is irrelevant to this inquiry. *Id*. at 397.

5

In sum, Evans has failed to demonstrate that Officer Terry violated her constitutional right to be free from excessive use of force. The record simply does not reflect that Officer Terry acted in a plainly incompetent manner or that his actions were objectively unreasonable. *See Malley v. Briggs*, 475 U.S. 335, 341 (1986)(holding that qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violated the law"). Therefore, Officer Terry is entitled to qualified immunity on this claim.

## IV. CONCLUSION

In order to survive a motion for summary judgment, a plaintiff must come forward with more than conclusory evidence in support of her claims. Here, Evans has failed to come forward with any evidence upon which a reasonable juror could rely to support her claims of excessive force against Officer Terry. She has simply relied on conclusory statements, unsupported allegations, and her own personal opinion in support of her claims.

Evans' claim of excessive force against Officer Terry was the only claim remaining before this Court inasmuch as the Court has previously granted the motions for summary judgment on Evans' other claims against the defendants. Accordingly, a judgment in favor of the defendants on all of Evans' claims will be entered contemporaneously with this Opinion & Order.

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) Officer Terry's motion for summary judgment [DE #108] is **GRANTED**, and Evans' claims against Officer Terry are **DISMISSED WITH PREJUDICE**;

(2) a judgment in favor of all the defendants will be entered contemporaneously with this Opinion & Order;

(3) this matter is **STRICKEN** from the active docket of the Court; and

(4) this is a final and appealable order and no just cause for delay exists.

This August 6, 2010.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge